MORSE, Respondent, vs. MADDOX, Appellant.

1. Judgment affirmed because an instruction given was warranted by the evidence.

*Appeal from Jefferson Circuit Court.*

This is an action brought by Morse for the breach of an agreement by which the defendant leased to plaintiff a certain tract of land, together with the privilege of using water from the dam of Maddox, the defendant, for driving a saddle-tree manufactory. A breach assigned was, that Maddox entirely shut off the water from plaintiff's manufactory, so as to render it impossible for him to continue his business. There was some evidence tending to show that the water was so shut off from plaintiff's manufactory by the defendant. The following instruction was asked for by the plaintiff, and given by the court :

" If the jury find that Maddox, either by himself or agent, for the purpose of interrupting Morse in the peaceable enjoyment and use of the water privilege, shut down the head gate of the forebay, by which Morse was prevented from the enjoyment and use of the water, then he had a right to abandon the contract, and recover, by way of damages, such losses as he may have sustained by reason of being thus deprived of the use of the property, and the jury will find a verdict."

The defendant excepted to the giving of this instruction. The evidence is sufficiently set forth in the opinion of the court. See also this case as reported, 17 Mo. Rep. 569; 19 Mo. Rep. 451.

*M. Frissell*, for appellant.

*Jones* and *Pipkin*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

This case is now, for the third time, before this court; it was reversed the first time, and the case is reported in 17th vol. Mo. Rep. 569. The case was tried below and brought here again. It was reversed the second time and remanded; this decision is reported in 19th vol. Mo. Rep. 451. It was again tried, and is now brought here for the third time. The appellant now contends that the instruction given by the court had no evidence to support it. It was reversed the last time because the court told the jury there was no evidence before them in regard to a certain point, when the record contained some evidence on the point, which ought to have been left for the consideration of the jury. The appellant admits the instruction is proper enough in regard to the law it embraces, but is improper in this case, because there is a total lack of evidence to support it.

Now, the evidence shows that Maddox had said he would drive Morse away. He invited a witness to come over to his house, saying he had a barrel of whisky, and he wanted to raise a mob, and tar and feather Morse and some two or three

others, and drive them away. When he inquired of a witness if the mill was running, and was informed it was not, he asked why, and was told the head gate was shut down ; Maddox replied, "by G—d, I will come the old soldier over him yet." Now this head gate shut off the water from Morse's wheel as well as from the grist-mill wheel. This head gate was shut down while the mill was in possession of Maddox's agent ; and, although the agent said the gate was shut down not to injure Morse, but to try and see if there could not be more water and the mill made to grind faster, and that Maddox did not know when he shut the gate down, and had no hand in it directly or indirectly, yet the conduct of Maddox was such, his threats to drive away Morse, and his exclamation and oath, when he heard that the gate was shut down, that he would come the old soldier over him yet, all rendered the instruction proper for the jury. They found for the plaintiff, and, upon the whole record, we see no error requiring the third reversal from this court.

Let the judgment be affirmed ; the other judges concurring.